**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO**

**DEREK WAYNE JACKSON**                                                                             **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 4:12CV-P82-M**

**HOPKINS COUNTY DETENTION CENTER** *et al.*                                    **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Derek Wayne Jackson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Hopkins County Detention Center (HCDC). This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff was a convicted inmate incarcerated in the HCDC when he filed the complaint. He has since been transferred to the Webster County Jail. He brings suit against the detention center and the following HCDC officers in their individual and official capacities: Sergeant Jeremy Magaughlin, Jailer Joe Blue, Captain Mike Lewis, and Officer Gary Lutz.

In the complaint, Plaintiff alleges "mental, physical, and verbal abuse. Neglect & unfair punishment." He asserts eight claims.

First, Plaintiff reports that in February 2012, a white inmate called him a "nigger," and they fought. Plaintiff reports receiving ten days in the hole while the other inmate received none.

Second, Plaintiff reports that Defendant Lutz refused him showers while he served his punishment (presumably the ten-days in the hole).

Third, Plaintiff states that on June 16, 2012, Defendant Lutz exchanged a white inmate's "defective" meal tray but not Plaintiff's "defective" tray. Defendant Lutz told Plaintiff that he "was not at Burger King" and to take the tray. Plaintiff asked for the supervisor and for a grievance, but Defendant Lutz denied the requests. Plaintiff then states, "No one got up and passed the trays out and I was charged with inciting a riot! Why it was my responsibility to pass out trays even though I didnt eat . . . I dont know."

Fourth, Plaintiff claims that Defendant Lewis was aware of "all the situations" and was responsible for grievances but refused to get involved. Plaintiff reports also asking to speak with Defendant Blue, but his request was denied.

Fifth, Plaintiff alleges that on June 16, 2012, Defendant Lutz made many racist comments when placing Plaintiff in segregation.

Sixth, Plaintiff contends that Carl Coy, the disciplinary officer, told him to serve ten days but that "paper work made me serve 12 days and when I brought up the error I was threatened with more time!"

Seventh, Plaintiff states that inmates yelled "obscenities and the word nigger while spitting on my window in segregation." He contends that the guards were informed but did nothing.

Finally, Plaintiff alleges that on June 29, 2012, an inmate who previously tried to take Plaintiff's life in 2008 was placed in the same cell with Plaintiff. "HC Jail knew about this conflict." Plaintiff advises that he does not feel safe at HCDC.

As relief, Plaintiff seeks punitive damages in the amount of $24,000; legal fees; and an injunction removing him from HCDC.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Hopkins County Detention Center*

The Hopkins County Detention Center is not an entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (finding neither a county jail nor a sheriff's department is a suable entity); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983); *Ferguson v. Dallas Cnty. Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (noting that county jail lacks separate jural existence and is not a separate entity subject to suit). The claims against the detention center, therefore, will be dismissed.

### B.  *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, therefore, are actually against Hopkins County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution

of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, none of the allegations in the complaint or its supplement demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Hopkins County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Additionally, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). For these reasons, the official-capacity claims against Defendants must be dismissed.

### C. Individual-capacity claims

#### 1. Defendants Blue and Lewis

Plaintiff alleges that Defendant Lewis was aware of "all the situations" and responsible for grievances but did not get involved and that Plaintiff asked to speak with Defendant Blue but was denied.

Plaintiff appears to seek to hold Defendants Blue and Lewis liable based on their supervisory positions. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory

liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff fails to allege that either Defendant Blue or Lewis was directly involved in any of his complaints, and "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). Because Plaintiff has failed to identify any active unconstitutional behavior on the part of Defendants Blue and Lewis, he has failed to state a claim upon which relief may be granted against them.

### 2. *Defendant Magaughlin*

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). This means that Plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has

7

violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman*, 808 F.2d at 465.

Plaintiff has alleged no facts involving Defendant Magaughlin. He merely identifies him as a Defendant in the caption and in the parties section of the complaint. He, therefore, fails to give Defendant Magaughlin fair notice of the claims against him and the grounds upon which they rest. Plaintiff has failed to state a claim against Defendant Magaughlin upon which relief may be granted.

### 3. *Defendant Lutz*

Plaintiff mentions two incidents involving Defendant Lutz. First, he claims that Defendant Lutz refused him showers while he was serving a ten-day punishment in the hole in February 2012.

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component:

(1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

The Court concludes that Defendant Lutz's refusal to allow Plaintiff to shower for a limited ten-day period does not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Ziegler v. Michigan*, 50 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *Brittenham v. McRoberts*, No. 10-10477, 2010 WL 1136500, at *1 (E.D. Mich. Mar. 22, 2010) ("[T]he denial of a shower to a prisoner for a short period of time fails to establish that a prisoner was subjected to a deprivation of the minimal civilized measure of life's necessities.") (citation and internal quotation marks omitted).

Plaintiff also alleges that on June 16, 2012, Defendant Lutz would not exchange his "defective tray" but exchanged a white inmate's tray, would not allow him to speak to a supervisor or provide him with a grievance form, charged him with inciting a riot, and made racist comments upon placing him in segregation. Plaintiff fails to allege facts stating a constitutional claim.

9

First, Plaintiff alleges no physical injury and no conditions that fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He, therefore, fails to state an Eighth Amendment claim. Second, Plaintiff has failed to state any equal protection claim as he fails to allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279. Plaintiff states one occasion where Defendant Lutz exchanged a white inmate's tray but not Plaintiff's. Third, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Fourth, while reprehensible and not condoned, racial epithets and verbal abuse alone are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Finally, Plaintiff has not stated a due process claim because freedom from placement in segregation is not a protected liberty interest as it does not "impose atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

*D. Injunctive relief*

Plaintiff asks to be removed from the HCDC. Shortly after filing the complaint, Plaintiff advised this Court of his transfer to the Webster County Jail. Therefore, his request for injunctive relief is moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after transfer to another facility).

For all the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: November 9, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
     Hopkins County Attorney
4414.005

11